# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1059
Lower Tribunal No. 20-8609

————————————

**Thomas L. Rhymestine,**
Appellant,

vs.

**The District Board of Trustees of Miami Dade College, Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Cornell & Associates, P.A., and G. Ware Cornell, Jr. (Weston), for appellant.

Wydler Law, and Oscar E. Marrero, Lourdes Espino Wydler and Lauren D. Martin; Javier A. Ley-Soto, General Counsel, for appellee.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Thomas L. Rhymestine, appellant and plaintiff below ("Rhymestine"), challenges a May 27, 2022 final summary judgment entered by the trial court in favor of Rhymestine's former employer, The District Board of Trustees of Miami Dade College, Florida, appellee and defendant below (the "College"). The trial court determined that summary judgment was warranted because Rhymestine failed to provide any evidence that the College both discriminated against him on the basis of race and retaliated against him.

Rhymestine alleged in his operative complaint that the College, through his immediate supervisor, subjected him to race discrimination when that supervisor conducted workplace conversations in Spanish (while Rhymestine did not speak or understand Spanish) and favored Hispanic employees. Then, after he received reprimands and responded by complaining about his supervisor, Rhymestine alleged that the College retaliated against him.[1]

---

[1] The College reprimanded Rhymestine, an air conditioning mechanic, for (i) going outside the chain of command and contacting contractors hired by the College, after having received warnings to cease this practice; and (ii) aggressively using profanity in an argument with a co-worker over a maintenance issue, followed by a refusal to acknowledge the misconduct in a discussion with his supervisor. In written rebuttals to each of these reprimands, Rhymestine complained about his supervisor. The College investigated Rhymestine's complaints, agreed that it was "inappropriate" for the supervisor to conduct certain workplace conversations in Spanish, and counseled the supervisor.

Applying Florida's new summary judgment standard,[2] the trial court concluded that, after the College met its initial burden of demonstrating the absence of any record evidence to support Rhymestine's allegations, Rhymestine failed to come forward with any evidence establishing that he was the victim of either race discrimination or retaliation.

Specifically, regarding Rhymestine's claim of race discrimination, the trial court concluded that Rhymestine did not make any showing that a similarly situated employee had received more favorable treatment. See Mitchell v. Young, 309 So. 3d 280, 284 (Fla. 1st DCA 2020) (holding that, among the elements of a prima facie case for race discrimination, a plaintiff

---

[2] See In re Amendments to Fla. Rule of Civil Procedure 1.510, 317 So. 3d 72 (Fla. 2021). Here, the College was the moving party for summary judgment while Rhymestine would bear the burden of persuasion at trial. At summary judgment, the College needed only to show that Rhymestine lacked the evidence to prove his allegations of race discrimination and retaliation. Id. at 75; Fla. R. Civ. P. 1.510(c)(1)(B) (providing that the party moving for summary judgment may support the assertion that a fact cannot be disputed by "showing . . . that an adverse party cannot produce admissible evidence to support the fact"). The burden then shifted to Rhymestine to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for Rhymestine to prevail at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If, however, Rhymestine presented evidence that was "merely colorable . . . or not significantly probative, summary judgment may be granted." In re Amendments to Fla. Rule of Civil Procedure 1.510, 309 So. 3d 192, 193 (Fla. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

must prove that "his employer treated similarly situated employees outside his protected class more favorably"). Regarding Rhymestine's retaliation claim, the trial court concluded that Rhymestine did not come forward with any proof that he suffered an adverse employment action as a consequence of lodging his complaints about his supervisor. See St. Louis v. Fla. Int'l Univ., 60 So. 3d 455, 460 (Fla. 3d DCA 2011) (holding that, among the elements of a prima facie case for retaliation, the plaintiff must prove that "there was a causal connection between the participation in the protected expression and the adverse action").

We reject Rhymestine's claim that, in entering the challenged judgment, the trial court improperly weighed the evidence. Our *de novo* review of the record,[3] supports the trial court's conclusions that (i) the College met its initial burden of demonstrating the absence of any record evidence to support Rhymestine's allegations, and (ii) Rhymestine failed to offer evidence to support the required elements of his race discrimination and retaliation claims.

Affirmed.

---

[3] We review *de novo* a trial court's granting a party's summary judgment motion. Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022).

4